```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 12-61735-CIV-ZLOCH
```

BROWARD BULLDOG, INC., and
DAN CHRISTENSEN,

      Plaintiffs,

vs.                                          **O R D E R**

U.S. DEPARTMENT OF JUSTICE and
FEDERAL BUREAU OF INVESTIGATION,

      Defendants.
_____/

      THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

      In the Declaration Of Thomas R. Julin In Opposition To The FBI's Renewed Motion For Summary Judgment (99-1), in a section discussing Broward Bulldog, Inc. v. U.S. Dep't Of Justice, No. 16-61289, dealing with Plaintiffs' FOIA request as to the Meese Commission, Mr. Julin discusses that case before Judge Altonaga in ¶¶ 113-119.  The Court draws the Parties' attention to a statement of Mr. Julin in ¶ 114, in which Mr. Julin comments that in that case, "[T]he FBI agreed not to redact the al-Hijjis' names and it identified Jacqueline Macquire as the FBI agent who had disparaged the April 16, 2002, memo."  The Court also draws the Parties' attention to ¶ 118, in which Mr. Julin describes a document turned over in the Judge Altonaga case, which involved an April 2004 interview.  The Court would again quote Mr. Julin:  "The FBI has not produced this document in this case, even though it is clearly responsive to the Bulldog's FOIA request." ¶ 118.  The Court, by quoting Mr. Julin, indicates no opinion as to the accuracy of these

statements. However, before the Court are many exemptions, particularly exemptions under Exemption 7, which could potentially be affected by concessions of Defendants as to any documents released or exemptions conceded in the other, related case. The statements in these paragraphs of Mr. Julin's Declaration (DE 99-1) do not include specific references to the court file in Case No. 16-61289.

    Therefore, first, the Court seeks a response from Defendants as to whether they would dispute the accuracy of the statements that Plaintiffs have made in these paragraphs, as to any concessions made as to exemptions or documents produced in the Judge Altonaga case. Next, the Court asks Defendants to identify for the Court whether any of these concessions were made as to any documents which are exact duplicates of the 81 pages of documents located as responsive in the above-styled cause, and if so, whether Defendants would make similar concessions as to the same or similar documents or exemptions claimed here. Defendants should state their position as to whether the document produced to Plaintiffs in Case No. 16-61289, referenced in ¶ 118, should be produced in the same form, and with the same redactions, in this case. If Defendants have made concessions in Case No. 16-61289, which they do **not** make in the above-styled cause, the Court invites Defendants to provide any additional legal arguments for consideration as to why any document or redacted material released to the Plaintiffs in one case should not be released in this case.

    The Court directs Plaintiffs to provide any citations that might lead the Court more specifically to documents or docket entries in the case file of Case No. 16-61289 that would support Mr. Julin's statements in ¶¶ 113-119. Or, in the event that Plaintiffs can support these statements in any other manner, by

attaching any additional documents or communications between the Parties, the Court would offer Plaintiffs the opportunity to attach any such support.  As to the document referenced in ¶ 118, Plaintiffs are directed to attach that document, as produced in Case No. 16-61289, to their response to this Order.

Finally, the Parties are directed to confer.  <u>If</u> the Parties agree that any concessions were made as to exemptions in Case No. 16-61289, they are directed to file a joint statement of what these concessions were and if any agreements as to exemptions in that case would affect any documents in the 81 pages in this case.  As to any agreement reached, which the Parties agree would similarly affect any document in the 81 pages in this case, the Parties will provide the Court with the document page number, as well as any affected exemption on that page.  For example, for page 1, exemption in box 1, the Parties may use the shorthand of 1:1.  If the Parties had concessions in Case No. 16-61289, but which do not affect any of the 81 pages in this case, they may simply file a joint statement so stating.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that, by <u>noon</u> on <u>Thursday, July 11, 2019</u>, both Parties shall individually provide the Court with the information requested herein, and the Parties shall confer and provide the Court with a joint statement, as described herein.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this     8th     day of July, 2019.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:
All Counsel of Record