UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61735-CIV-ZLOCH

BROWARD BULLDOG, INC., a
Florida corporation not for profit; and
DAN CHRISTENSEN, founder, operator
and editor of the BrowardBulldog.com website,

       Plaintiffs,

vs.

U.S. DEPARTMENT OF JUSTICE and
FEDERAL BUREAU OF INVESTIGATION,

       Defendants.
_____/

## DEFENDANTS' RESPONSE TO JULY 8, 2019 ORDER

Defendants, by and through their undersigned counsel, file their Response to the Court's July 8, 2019 Order and state:

### I.    FACTUAL ASSERTIONS IN D.E. 99-1

The Court has directed defendants to indicate whether they dispute the accuracy of certain statements made by Mr. Julin in his Declaration in Opposition to the FBI Renewed Motion for Summary Judgment (D.E. 99-1). In ¶ 114 of that Declaration, Mr. Julin states that in Case No. 16-61289, "[T]he FBI agreed not to redact the al-Hijjis' names and it identified Jaqueline Macquire as the FBI agent who had disparaged the April 16, 2002, memo."

Paragraph 114

Defendants dispute the accuracy of this statement. In Case No. 16-61289, the defendants did not agree not to redact the al-Hijjis' names, but instead, maintained that such names were exempt from disclosure under exemption (b)(6) and (b)(7)(C). On February 27, 2017, Judge

Altonaga entered an order granting in part, and denying in part, defendants' motion for summary judgment. (D.E. 58 in Case No. 16-61289. A copy is attached as Exhibit A. On the specific issue of the defendants' invocation of exemptions (b)(6) and (b)(7)(C) as to the names of the "third party," the district court analyzed the government's invocation of these exemptions, and found the government had not sustained its burden. D.E. 58 at 10-15. The Order discusses the al-Hijji's by name. D.E. 58 at 12-13. The defendants in Case No. 16-61289 did not agree not to redact the al-Hijjis' names. Instead, their exemption claim was rejected by the Court.[1]

The FBI did disclose the al-Hijjis's name in one document, a April 30, 2014 memo explaining the briefing given to Meese Commission members concerning a 2011 article written by plaintiff Christensen, regarding purported ties between the hijackers and the al-Hiijii family. The reason exemption (b)(6) and (b)(7)(C) was not invoked was because the information provided in the briefing pertained to the very allegations made in plaintiff Christensen's article. Under the balancing test for exemption (b)(6) and (b)(7)(C), the FBI weighed the privacy interests of the al-Hiijiis against the public interest in disclosure. Since the briefing itself concerned the allegations in Mr. Christensen's article, where he named the al-Hijjis in the article, the FBI believed the public interest in disclosure outweighed the al-Hijjis' privacy interests.

As to the identification of FBI Agent Jacqueline Maguire, the government did identify her due to the fact her name had already appeared in the Meese Commission Report, which was a public document. The FBI's rationale for not invoking exemption (b)(7)(C) was expressed in the Fourth Declaration provided by David M. Hardy, which is attached as Exhibit B (D.E. 66-1 in Case No.16-61289):

> Judge Altonaga calls into question the FBI's redaction of two
> investigators on Bates page Broward Bulldog-5 when the FBI has

---

[1] The FBI appealed the district court's ruling rejecting its various exemption claims, while the plaintiff cross-appealed. The appeal is pending before the Eleventh Circuit.

> decided to release a third. Again, while seemingly inconsistent, this is additional evidence of the FBI's adherence to a stringent 6/7C balancing test. The FBI Supervisory Special Agent ("SSA") released on this page, SSA Jackie Maguire, was acknowledged as being involved in the 9/11 Commission Report within the FBI's public report. Protecting her name here would not comport with what the FBI found already to be in the public realm.

Exhibit B at 23 n.32. Since SSA Maguire's identity had already been revealed in a document made public by the FBI, there was no basis for finding the public interest in release of her identity was outweighed by her interest in keeping her name private. A different result would obtain where the purported identity of an FBI agent was made public through media reports or other non-governmental sources. Such media reports could be the product of speculation or incorrect deductions. However, disclosure of an agent's identity by the FBI would be an official affirmation that the agent participated in an investigation or operation.

Paragraph 118

Defendants agree that on March 24, 2017, the FBI released additional documents to plaintiffs, which included an FBI document dated April 19, 2004, summarizing an interview of an unnamed individual. This document was uncovered in March 2017 when personnel from the FBI Director's Office provided additional search leads to the Record/Information Dissemination Section. Exhibit B, Fourth Declaration of David M. Hardy at 7-8, ¶ 16; Exhibit C, Fifth Declaration of David M. Hardy, ¶¶ 10-12.

The April 19, 2004 document was not located in the initial search conducted by the FBI. The initial FOIA request submitted by plaintiff on September 26, 2011, referenced the residents at 4224 Escondito Circle, by name, and stated that the FBI investigation began in the Fall of 2001 and continued into at least 2003. D.E. 1-5. After being advised that the request referenced a third party, and a search could not be conducted without the consent of the third party, plaintiff

amended his request to seek "information pertaining to an anti-terrorism investigation regarding activities at the residence at 4224 Escondito Circle, in the Prestancia development near Sarasota, Florida, prior to 9/11/2001." D.E. 1-7.  The request noted that the FBI investigation began in the fall of 2001 and continued into at least 2003." Id.

The FBI's initial search looked for responsive documents during the period 2001 to 2003. The April 19, 2004 document was created in 2004.

On April 4, 2014, the Court directed the FBI to conduct additional searches.  D.E. 60. The Court specified search terms and directed that automated text searches be conducted.  D.E. 60 at 20-21.  These text searches did not yield the April 19, 2004 document.

II. THE FBI'S NON-INVOCATION OF FOIA EXEMPTIONS IN CASE NO. 16-61289 DOES NOT IMPACT ITS INVOCATION OF APPLICABLE EXEMPTIONS IN THIS CASE

In response to the Court's inquiry, none of the concessions made in Case No. 16-61289 apply to the documents in issue in this case.   There are no documents in this case which are exact duplicates of documents in Case No. 16-61289.

As to the document produced in Case No. 16-61289, referenced in ¶ 118 of Mr. Julin's declaration, the April 19, 2004 FBI Report, defendants believe this document should be produced to plaintiffs in the same form, and with the same redactions, in this case.

The FBI's disclosure of the al-Hijjis' names in the April 30, 2014 memo does not impact the invocation of exemption (b)(6) and/or (b)(7)(C) as to third-parties in the documents disclosed in the instant case.   In Department of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749 (1989), the Supreme Court found that a person had a protected privacy interest in his rap sheet, despite the fact that much rap sheet information is a matter of public record, such as arrests, indictments, convictions, and sentences.  Id. at 753.  Moreover, "[a]n individual does not

4

lose his privacy interest under 7(C) because his identity as a witness may be discovered through other means." L & C Marine Transport, LTD. v. United States, 740 F.2d 919, 922 (11th Cir. 1984).

The FBI's analysis of the April 30, 2014 memo in Case No. 16-61289, and its conclusion that the public interest favored disclosure of the third party's name as to that particular document, does not mean that the privacy interest of the third party can never outweigh the public interest in disclosure. The FBI has engaged in the required analysis under exemption (b)(6) and (b)(7)(C), and concluded that the public interest in disclosure does not outweigh the privacy interests of the third party, as to the documents in issue in this case.

Similarly, as to SSA Maguire, the fact that her name was disclosed by the FBI in the Meese Commission Report, a public document, led the FBI to conclude that the public interest favored disclosure of her name in a document referencing her work before the same Meese Commission. This conclusion would not necessarily apply in any instance where SSA Maguire's name appeared in a document responsive to a FOIA request. The same analysis of determining the privacy interest of the individual, versus the public interest in releasing the person's name, would have to be conducted to determine which interest prevailed as to that particular document.

The FBI has reviewed the 81 documents in issue in this case, and SSA Maguire's name does not appear in any of the documents.

### III.    CONFERENCE WITH PLAINTIFFS

In its Order, the Court directed the parties to confer, which occurred on July 10, 2019. The parties disagree on the impact in the instant case of the FBI's non-invocation of exemption (b)(6) and (7)(C) on one document in Case No. 16-61289, the April 30, 2014 memo.

DATED:  July 10, 2019	Respectfully submitted,

                                                    ARIANA FAJARDO ORSHAN
                                                    UNITED STATES ATTORNEY

By:	___s/ Dexter A. Lee_____
      DEXTER A. LEE
      Assistant U.S. Attorney
      Fla. Bar No. 0936693
      99 N.E. 4th Street, Suite 300
      Miami, Florida  33132
      (305) 961-9320
      Fax:  (305) 530-7139
      E-mail:  dexter.lee@usdoj.gov

      ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

      ___s/ Dexter A. Lee_____
      DEXTER A. LEE
      Assistant U.S. Attorney

<u>SERVICE LIST</u>
Broward Bulldog, Inc. v. U.S. Department of Justice, FBI,
Case No. 12-61735-CIV-ZLOCH
United States District Court, Southern District of Florida

Thomas R. Julin, Esq.
Gunster Yoakley & Stewart, PA
600 Brickell Avenue – Suite 3500
Miami, Florida  33131
(305) 376-6007
Fax:  (786) 425-4097
E-mail:  tjulin@gunster.com

ATTORNEY FOR BROWARD BULLDOG, INC.,
AND DAN CHRISTENSEN